UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SIRIUS DAY,<br><br>    Plaintiff,<br><br>    v.<br><br>LOS ANGELES DEPARTMENT OF<br>    SANITATION AND<br>    ENVIRONMENT;<br>STATE OF CALIFORNIA;<br>CITY OF LOS ANGELES;<br>AHDOOT FAMILY TRUST;<br>AHDOOT ROOHOLLAH, Trustee of<br>    the Adhoot Family Trust;<br>AFSANEH TRSO, Trustee of the<br>    Adhoot Family Trust; and<br>LOS ANGELES POLICE<br>    DEPARTMENT,<br><br>    Defendants. | Case No. 2:25-cv-04690-JWH-AS<br><br>**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR EXPANDED INJUNCTIVE RELIEF [ECF No. 26], PLAINTIFF'S EMERGENCY MOTION FOR RELIEF FROM ORDER AND FOR CONTEMPT OF COURT [ECF No. 27], AND PLAINTIFF'S MOTION FOR CONTEMPT OF COURT [ECF No. 28]** |

Before the Court are the following matters:

- the Emergency Motion of Plaintiff Charles Sirius Day for Expanded Injunctive Relief;[1]

- Day's Emergency Motion for Relief from Order and for Contempt of Court;[2] and

- Day's Motion for Contempt of Court.[3]

The Court concludes that these matters are appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7–15. After considering Day's papers filed in support, the Court **DENIES** all of his Motions.

## I. BACKGROUND

Charles Sirius Day is a Los Angeles resident who operated a licensed street vendor business in Skid Row between 2023 and 2025.[4] Day alleges that on November 7, 2024, Defendant Los Angeles Police Department impounded his vehicle without notice or opportunity for a hearing.[5] Day also alleges that on April 29 and May 1, 2025, Defendants Los Angeles Department of Sanitation and Environment, the Los Angeles Police Department, and the Ahdoot Family Trust seized and destroyed Day's business equipment in a targeted action against his vendor operations.[6] Day contends that he was not provided with prior notice nor the required 48-hour written notice regarding his vehicle

---

[1]     Pl.'s Emergency Mot. for Expanded Injunctive Relief (the "Expanded Injunctive Relief Motion") [ECF No. 26].

[2]     Pl.'s Emergency Mot. for Relief from Order and for Contempt of Court (the "Relief from Order Motion") [ECF No. 27].

[3]     Pl.'s Mot. for Contempt of Court (the "Contempt Motion") [ECF No. 28].

[4]     Am. Compl. (the "Amended Complaint") [ECF No. 12] ¶ 9.

[5]     *Id.* at ¶ 10.

[6]     *Id.* at ¶¶ 12 & 13.

impoundment[7] and that he was provided with only a 25-minute prior written notice of the April and May 2025 seizures.[8]

Day commenced this action and filed an initial Temporary Restraining Order ("TRO") Application in May 2025.[9]  Pursuant to this Court's Order on his request to proceed *in Forma Pauperis*, Day was directed to file an amended complaint.[10]  Day complied; he filed the Amended Complaint and the TRO Application in June 2025.[11]  In his Amended Complaint, Day asserts fives claims for relief:

- violation of his Fourth Amendment right against unreasonable seizure;
- violation of his Fourteenth Amendment right to due process;
- discrimination in violation of the Americans with Disabilities Act (the "ADA");
- conversion; and
- evidence destruction and spoliation.[12]

Through his TRO Application, Day sought to enjoin the City of Los Angeles, the Los Angeles Department of Sanitation and Environment, and the Los Angeles Police Department (collectively, "Defendants") from the following:

- conducting Clean Streets LA enforcement actions against his person, property, or business operations;

---

[7]    *Id.* at ¶¶ 18 & 19.

[8]    *Id.* at ¶ 23.

[9]    Compl. (the "Complaint") [ECF No. 1]; Pl.'s Appl. for TRO and OSC (the "Application") [ECF No. 3].

[10]    Order on Pl.'s Request to Proceed *in Forma Pauperis* [ECF No. 8].

[11]    *See generally* Amended Complaint; Application.

[12]    *See generally* Amended Complaint.

1  • seizing, impounding, confiscating, or destroying his personal property,

2     business equipment, artwork, or vehicles;

3  • issuing citations, arrests, or other enforcement actions related to his

4     licensed street vendor operations;

5  • coordinating with private defendants to conduct enforcement actions

6     targeting him.[13]

7  Day also sought to enjoin Defendants Adhoot Family Trust, Roohollah Ahdoot,

8  and Afsaneh Trso from the following:

9  • initiating, requesting, or coordinating enforcement actions against him

10     with any municipal agency;

11  • interfering with his lawful use of public property adjacent to their

12     premises; and

13  • engaging in retaliatory conduct against him for filing this lawsuit.[14]

14  Day also requested the Court to order Defendants to preserve all evidence

15  related to this case, including surveillance footage, communication records,

16  documentation of enforcement, physical evidence, and training materials and

17  protocols for the Clean Streets LA program.[15]

18        On July 25, 2025, the Court granted in part and denied in part Day's TRO

19  Application.[16]  The Clerk's office served a copy of the TRO on Defendants City

20  of Los Angeles, Los Angeles Department of Sanitation and Environment, and

21  Los Angeles Police Department by U.S. Mail.[17]  A hearing on Day's Motion for

22

23

---

[13]    Application 3:13-23.

[14]    *Id.* at 4:1–7.

[15]    *Id.* at 4:8–16.

[16]    TRO in Response to Pl.'s *Ex Parte* Appl. and Order Regarding Pl.'s Mot.
for Leave to File Supp. Compl. [ECF No. 17] 9:21-22.

[17]    *Id.* at 10:15-22.

Preliminary Injunction was set for August 8, 2025, and Defendants were
directed to file a response to Day's Motion for Preliminary Injunction by
12:00 noon on Monday, August 4, 2025.[18]  Defendants filed no response.

On August 1, 2025, Day filed a Motion to Enforce, Modify, and Extend
Temporary Restraining Order and Motion for Contempt of Court.[19]  Day's
motion alleged, *inter alia*, that on July 28, 2025, Defendants willfully violated the
TRO by damaging a "$90 table and chair."[20]

On August 7, 2025, this Court issued an order granting in part and
denying in part Day's Motion to Enforce.[21]  Pursuant to that Order, Defendants
City of Los Angeles, the Los Angeles Department of Sanitation and
Environment, and the Los Angeles Police Department were preliminarily
enjoined from unlawfully seizing and destroying Day's property without
providing him both notice of the address where the removed property will be
located and a telephone number and website through which he may retrieve his
property, as required by Los Angeles Municipal Code §§ 56.11(4)(a)(7) &
(b)(4).[22]  This Court also issued a separate order directing service of process by
the United States Marshal for the Central District of California on Defendants
City of Los Angeles, Los Angeles Department of Sanitation and Environment,
and Los Angeles Police Department.[23]

---

[18]     *Id.* at 10:23-24.

[19]     Pl.'s Mot. to Enforce, Modify, and Extend TRO and Mot. for Contempt
of Court (the "Motion to Enforce") [ECF No. 18].

[20]     *Id.* at 4–5.

[21]     Order Granting in Part and Denying in Part Pl.'s Motion for Preliminary
Injunction and Denying Pl's Motion to Enforce (the "Order") [ECF No. 20].

[22]     *Id. at* 11:15–21.

[23]     *See* Order Directing Service of Process by U.S. Marshal [ECF No. 24].

On August 13, 2025, in response to the Order, Day filed the three Motions that are presently before the Court.[24]

In Day's Expanded Injunctive Relief Motion, he alleges that the persecution that he has faces has escalated, including through death threats, breaking and entering, theft, and attempted arson.[25] Day asserts the following post-Order factual developments:

- August 5, 2025: death threat incident in which a "security operative in a silver and black vest" stated "I came here to kill you";[26]
- August 8, 2025: breaking and entering incident in which unknown intruders entered Day's dwelling while he slept and stole his cellular phone to prevent reporting;[27] and
- August 10, 2025: attempted arson incident in which Day found "evidence of burning personal property" by unknown individuals who he could not photograph because his phone was stolen.[28]

Day asserts that the Los Angeles Department of Sanitation further violated the preliminary injunction by systematically destroying evidence and maintaining signage with false cleaning schedules.[29] Day alleges that the "spot cleaning," "emergency cleaning," and "comprehensive cleaning" language on the Los Angeles Department of Sanitation website was added as an attempt to "circumvent legal protection" and to "escalate enforcement against Plaintiff"

---

[24]    See Expanded Injunctive Relief Motion; Relief from Order Motion; Contempt Motion [ECF Nos. 26–28].

[25]    Expanded Injunctive Relief Motion 2:13–16.

[26]    Id. at 2:19–23 & 7:10–13.

[27]    Id. at 3:1–4 & 7:14–17.

[28]    Id. at 3:5–8 & 7:18–8:2.

[29]    See id. at 3:9–14 & 8:3–6.

and that it may be used to "justify cleaning of Plaintiff's street location."[30]  Day states that he "observed a truck belonging to the Department of Sanitation and Environment positioned near the center of the roadway . . . in an unusual an obstructive manner" that suddenly accelerated toward him in "a deliberate and targeted manner."[31]

In his Relief from Order Motion, Day asks the Court for relief from the Order based upon legal error and factual error.[32]  In his Motion, Day presents new facts about the condition of the table and chair and the positioning of the table and chair in relation to the sidewalk.[33]  Day alleges that the Court committed legal error by "incorrectly shift[ing] the burden to Plaintiff."[34]  Day contends that the Court committed factual error by "fail[ing] to acknowledge detailed evidence showing proper positioning, ADA compliance, standard vendor equipment, and the absence of any public safety hazard."[35]

In his Contempt Motion, Day seeks civil contempt against Defendants for violations of the *Lavan* and *Garcia* court-ordered permanent injunctions.[36]  Day alleges that Defendants engaged in a pattern of noncompliance across at least three seizure and destruction events, to wit:

---

[30]    *Id.* at 3:15–4:16 & 8:7–23.

[31]    *Id.* at 10:1–9.

[32]    Relief from Order Motion 1:17–2:3.

[33]    *Id.* at 2:22–3:11.

[34]    *Id.* at 5:7–11.

[35]    *Id.* at 5:13–15.

[36]    Contempt Order 5.  Day is referring to *Lavan v. City of Los Angeles*, Case No. 2:11-cv-2874 (C.D. Cal 2011); and *Garcia v. City of Los Angeles*, Case No. 2:19-cv-06182 (C.D. Cal 2011).

- May 29, 2025:  approximately $9,300 destroyed with no 48-hour written notice, and no notice of storage and retrieval;[37]
- June 3, 2025:  approximately $7,500 destroyed with no 48-hour written notice, and no 48-hour written notice of storage and retrieval;[38] and
- July 8, 2025:  approximately $19,000 destroyed, including artwork and personal property, and no 48-hour written notice of storage and retrieval.[39]

Day asserts that City personnel classified property as "bulky" based upon the size and materials and that they subsequently destroyed the items on site in violation of *Garcia*.[40]  Furthermore, Day alleges that Defendants' repeated failure to provide the 48-hour notice and storage before destroying property are violations of *Lavan*.[41]

## II.  LEGAL STANDARD

### A.    Preliminary Injunction

"A preliminary injunction is an extraordinary and drastic remedy. . .; it is never awarded as of right."  *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted).  An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d)(2).

If a plaintiff seeking to enjoin an alleged constitutional injury "shows he is likely to prevail on the merits," then "that showing will almost always demonstrate he is suffering irreparable harm as well."  *Baird v. Bonta*, 81 F.4th

---

[37]    *Id.* at 4.

[38]    *Id.*

[39]    *Id.*

[40]    *Id.* at 6.

[41]    *Id.*

1036, 1042 (9th Cir. 2023).  "Accordingly, when an alleged deprivation of a constitutional right is involved, . . . most courts hold that no further showing of irreparable injury is necessary."  *Id.* (quotation and brackets omitted).  Similarly, "[a] plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor" because "it is always in the public interest to prevent the violation of a party's constitutional rights."  *Id.* (quotations omitted).  Thus, a plaintiff who has established that he is likely to succeed on the merits "ha[s] also established that both the public interest and the balance of the equities favor a preliminary injunction."  *Id.*

In the Ninth Circuit, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotations omitted).

## B.    Reconsideration

A district court may reconsider a ruling under Rule 54(b) of the Federal Rules of Civil Procedure (interlocutory orders), Rule 59(e) (motion to alter or amend a judgment), or Rule 60(b) (relief from judgment).  *See School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Balla v. Idaho State Bd. of Corrections*, 869 F.3d 461, 465 (9th Cir. 1989).  Under Rule 59(e), reconsideration may be appropriate when the movant demonstrates the existence of:  (1) an intervening change in the controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice.  *See School Dist. No. 1J*, 5 F.3d at 1263.  Meanwhile, Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the

court's decision; (3) fraud by the adverse party; (4) a void judgment;

(5) satisfaction of judgment; or (6) any other reason justifying relief.  *See*

Fed. R. Civ. P. 60(b); *School Dist. No. 1J*, 5 F.3d at 1263.  Rule 60(b)(6) requires

a showing that the grounds justifying relief are extraordinary; mere

dissatisfaction with the court's order or belief that the court is wrong in its prior

decision are not adequate grounds for relief.  *See Twentieth Century-Fox Film*

*Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

In addition, this Court's Local Rules define the situations in which a party

may seek the reconsideration of an order:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18.  A motion for reconsideration "may not be used to raise arguments or

present evidence for the first time when they could reasonably have been raised

earlier in the litigation."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877,

890 (9th Cir. 2000).

**C.     Contempt of Court**

The party alleging civil contempt must demonstrate that the alleged

contemnor:  (1) violated the court order; (2) beyond substantial compliance;

(3) not based upon a good faith and reasonable interpretation of the order; (4) by

clear and convincing evidence.  *See Lab./Cmty. Strategy Ctr. v. Los Angeles Cnty.*

*Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009).

# III.  ANALYSIS

**A.    Day's Expanded Injunctive Relief Motion (Motion for Preliminary Injunction)**

Through his Expanded Injunctive Relief Motion, Day seeks, *inter alia*, to "[e]xpand[] the preliminary injunction to prohibit harassment, intimidation, threats, surveillance, following, entry, or arson attempts by any Defendant."[42] The Court treats this motion as a Motion for Preliminary Injunction and analyzes it under that standard.

To obtain a preliminary injunction, a plaintiff must establish the following factors:  "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *BOKF, NA v. Estes* 923 F.3d 558, 561-62 (9th Cir. 2019); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## 1.    Likelihood of Success on the Merits

Day asserts against Defendants numerous instances of death threats, arson, and burglary, but with no evidentiary support.  Day admits that the alleged perpetrators are either a "security operative" or "unknown."[43]  Because Day offers no evidence linking his incidents with Defendants, he is unlikely to succeed on the merits, and this factor favors Defendants.

## 2.    Irreparable Harm

An irreparable harm is a harm that cannot be redressed by "adequate compensatory or other corrective relief [that] will be available at a later date." *Los Angeles Mem. Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (quotation omitted).  Day states that he faces death threats,

---

[42]    Expanded Injunctive Relief Motion 5:15–24.

[43]    *Id.* at 2:19–3:8 & 7:10–8:2.

-11-

1  arson, and burglary.[44]  The Court agrees that those incidents constitute an

2  irreparable harm, and this factor favors Day.

3       **3.**     **Balance of the Equities and the Public Interest**

4       When deciding whether to award injunctive relief, "the court must

5  balance the equities between the parties and give due regard to the public

6  interest." *Northern Cheyenne Tribe v. Norton*, 503 F.3d 836, 843 (9th Cir. 2007).

7  A district court is afforded "broad latitude in fashioning equitable relief,"

8  particularly insofar as the "equities demand a partial injunction." *Id.*

9       Here, Day fails to make any connection between the alleged crimes and

10 his issue of property seizure.  Day also fails to offer any evidence linking

11 Defendants to the crimes.  This factor favors Defendants.

12      In view of those findings, the Court concludes that it must **DENY** Day's

13 Expanded Injunctive Relief Motion.

14 **B.**     **Day's Relief from Order Motion (*Ex Parte* Application for**

15      **Reconsideration)**

16      Day alleges that the Court made legal and factual errors in its Order and

17 asks the Court to grant him relief from that Order.[45]  The Court treats this

18 motion as an *Ex Parte* Application for Reconsideration and analyzes it under that

19 standard.

20      **1.**     **Factual Error**

21      Day presents new facts about the condition of the table and chair as well

22 as the positioning of the table and chair in relation to the sidewalk.

23      This Court's Local Rules make clear that a party seeking reconsideration

24 of an order can only do so on grounds that "***could not have been known to the***

25

26

---

27 44     *Id.*

28 45     *See* Relief from Order Motion 5:5–16.

1  *party* moving for reconsideration at the time the Order was entered."  *See*

2  L.R. 7-18 (emphasis added).

3  Here, the Court finds that all of the new facts presented in Day's Relief

4  from Order Motion were known to Day at the time of his previous motion and

5  that they could have been properly presented to the Court at that time.  The

6  Court finds no factual errors supporting the request for reconsideration.

7  **2.  Legal Error**

8  Day alleges that the Court committed legal error by "incorrectly shift[ing]

9  the burden to Plaintiff." [46]

10  The Ninth Circuit has made clear that the party alleging civil contempt

11  must demonstrate the violation by clear and convincing evidence.  *See*

12  *Lab./Cmty. Strategy Ctr.*, 564 F.3d at 1123.  The Court finds no error of law

13  supporting the request for reconsideration.

14  Accordingly, the Court **DENIES** Day's Relief from Order Motion.

15  **C.  Day's Contempt of Court Motion**

16  Day is seeking contempt sanctions against Defendants for alleged

17  violations of the *Lavan* and *Garcia* permanent injunctions. [47]

18  As an initial mater, this Court did not issue either the *Lavan* or *Garcia*

19  injunctions, and, therefore, it cannot enforce them by means of a contempt

20  proceeding.  *See Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 n.2 (9th Cir.

21  1996) ("It is true that only the issuing court can enforce its own injunction by

22  means of contempt proceedings.").  Even assuming, *arguendo*, that this Court

23  could enforce them, neither injunction is currently in effect.

24  The Ninth Circuit has stated that "the controlling rule governing the

25  lifespan of a preliminary injunction" is that it "dissolves *ipso facto* when a final

26

27  [46]  *Id.* at 5:7–11.

28  [47]  Contempt Motion 5.

-13-

1  judgment is entered." *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093

2  (9th Cir. 2010).

3          In *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012), the Ninth

4  Circuit upheld a district court's preliminary injunction issued against the City of

5  Los Angeles. *See id.* at 1032. The Ninth Circuit held that the preliminary

6  injunction was proper because a "homeless persons' unabandoned possessions

7  are property within the meaning of the Fourteenth Amendment, [so] the City

8  must comport with the requirements of the Fourteenth Amendment's due

9  process clause if it wishes to take and destroy them." *Id.* After the appeal, in

10  the district court the parties in *Lavan* submitted a notice of settlement in July

11  2016, and the district court dismissed the action with prejudice shortly

12  thereafter.[48] Because a dismissal with prejudice is a final judgment, the *Lavan*

13  preliminary injunction is no longer in effect.

14          Similarly, in *Garcia v. City of Los Angeles*, 11 F.4th 1113 (9th Cir. 2021), the

15  Ninth Circuit upheld a district court's preliminary injunction prohibiting the

16  City of Los Angeles from discarding homeless individuals' "bulky items." *Id.* at

17  1116. After the appeal, in September 2022 the district court issued an order

18  dissolving the preliminary injunction.[49] Therefore, the *Garcia* preliminary

19  injunction is likewise no longer in effect.

20          Accordingly, the Court **DENIES** Day's Contempt Motion.

21                            **IV.  DISPOSITION**

22          For the foregoing reasons, the Court hereby **ORDERS** as follows:

23          1.      Day's Emergency Motion for Expanded Injunctive Relief [ECF

24  No. 26] is **DENIED**.

---

25

26  [48]    *Lavan v. City of Los Angeles*, Case No. 2:11-cv-2874 (C.D. Cal 2011) [ECF
        Nos. 172–73].

27  [49]    *Garcia v. City of Los Angeles*, Case No. 2:19-cv-06182 (C.D. Cal 2011)

28  [ECF No. 215].

2.    Day's Emergency Motion for Relief from Order and for Contempt

of Court [ECF No. 27] is **DENIED**.

3.    Day's Motion for Contempt of Court [ECF No. 28] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  August 25, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-15-